**David A. Schuck,** OSB 993564, WSB 37285
E-Mail: dschuck@wageclaim.org
**Stephanie J. Brown,** OSB 030019, WSB 42030
E-Mail: sbrown@wageclaim.org

**SCHUCK LAW, LLC**
Attorneys at Law
512-F NE 81ˢᵗ Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

Attorney for Plaintiff

Not an Original Signature

FILED 28 DEC '11 11:35 USDC·ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **FRED BEY**, individually and on behalf of all similarly situated,<br><br>                          **Plaintiff,**<br><br>     v.<br><br>**SOLARWORLD INDUSTRIES AMERICA, INC.; SOLARWORLD INDUSTRIES AMERICA, LP; SOLARWORLD INDUSTRIES SERVICES, LLC; SOLARWORLD POWER PROJECTS, INC. ,**<br><br>                       **Defendants.** | Case No. CV·11 - 1555 - ☒ SI<br><br>**COMPLAINT**<br><br>**Unpaid wages, overtime wages, and failure to timely pay all wages at termination**<br><br>ORS Chapters 652 & 653<br><br>Jury trial demanded |

       Comes now the Plaintiff, Fred Bey, by and through the attorneys at Schuck Law, LLC,

and states and alleges as follows:

1.     This is an action under State wage and hour laws to recover unpaid wages, overtime

wages, and penalty wages for all current and former employees of Defendant,

**SOLARWORLD INDUSTRIES AMERICA, INC.; SOLARWORLD INDUSTRIES**

---

Page 1 - Complaint


#44649

AMERICA, LP; SOLARWORLD INDUSTRIES SERVICES, LLC; SOLARWORLD

POWER PROJECTS, INC. ,("SolarWorld") who worked for SolarWorld within Oregon.

2.      SolarWorld did not pay all wages for time worked on the clock by Plaintiff and

similarly situated individual.

4.      SolarWorld was required to pay all wages due at the next regularly scheduled payday.

5.      SolarWorld failed and refused to pay Plaintiff and class members all wages due at the

regular rate of pay for all time worked from the time the employee began working until the

time the employee stopped working.

6.      SolarWorld programmed their time keeping system such that an employee would not

be paid for all time the employee worked.

7.      Because SolarWorld failed to compensate Plaintiff and class members at their regular

rate of pay, SolarWorld failed to pay Plaintiff and class members all their wages due at the

next regularly scheduled payday, in violation of Oregon law.

8.      SolarWorld had a practice and policy of failing to pay its employees whose

employment ended when required by Oregon law.

9       SolarWorld suffered and permitted Plaintiff and class members to perform work for

SolarWorld in excess of 40 hours per week, for which SolarWorld did not compensate them at

the overtime rate of 1-1/2 times their regular earning rate as required.  In so doing,

SolarWorld is liable for the unpaid overtime wages and civil penalty wages pursuant to ORS

653.261(1); ORS 653.055; ORS 652.150; and OAR 839-020-0030.

10.     SolarWorld failed to make immediate payment of all wages due and owing Plaintiff

and class members upon the ending of employment pursuant to Oregon law.

11.     Defendants were free agents.

12.     Solar World knew Plaintiff's and class member's employment with SolarWorld's

ended.

---

Page 2 - Complaint

13.     SolarWorld intended to pay wages to its employees when it did and further intended to pay the amount of wages it paid

14.     Wages are due and owing Plaintiff and class members and Plaintiff and class members are owed penalty wages for SolarWorld's failure to pay all wages when due.

## II.   JURISDICTION AND VENUE.

15.     <u>Class Action Fairness Act</u>:  Plaintiff alleges on information and belief, that this Court has subject matter jurisdiction over all claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because this is pled as a class action, the amount in controversy exceeds $5,000,000 exclusive of interest and costs and because the alleged class exceed 100 members. Further diversity of citizenship exists between the named Plaintiff and one or more of the SolarWorld.

16.     Venue is proper in the District of Oregon under 28 U.S.C. § 1391(b) and (c), as the employment practices alleged is brought on behalf of Oregon employees, and were committed in Oregon where SolarWorld conduct business.

17.     The Portland division is appropriate for this case because events alleged herein took place in Washington County, Oregon.

18.     At all times material herein, Plaintiff was employed by SolarWorld in the State of Oregon.

## III.   PARTIES

19.     At all material times, Plaintiff and all similarly situated individuals are current and former employees of SolarWorld, who worked for SolarWorld in Oregon, who are subject to Oregon wage and hour provisions.

20.     At all times material herein, Solarworld Industries America, Inc. was a domestic corporation.

21.     At all times material herein, Solarworld Industries America, LP was a foreign limited

---

Page 3 - Complaint

partnership.

22.    At all times material herein, Solarworld Industries Services, LLC was a foreign limited liability company.

23.    At all times material herein, Solarworld Power Projects, Inc. was a foreign corporation.

24.    Each Defendant lists 25300 NE Evergreen Road, Hillsboro, Oregon 97124 as either a principal place of business, or as another address with the Oregon Secretary of State.

25.    All claims alleged herein occurred from the use of the electronic time clocks at the Hillsboro, Oregon plant.

## IV.    CLASS ACTION ALLEGATIONS

26.    Plaintiff brings the Oregon State wage claims for failure to pay all wages, failure to pay overtime wages, and failure to pay all wages when due at termination as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and as the Class Representatives of the following persons:

### (Unpaid Wages Class)

27.    For Plaintiff and similarly situated individuals who worked for SolarWorld within the statutory time period, and were not paid wages for all hours worked, when those wages were due.

### (Overtime Class)

28.    For Plaintiff and all similarly situated class members, who worked for SolarWorld in Oregon, within the statutory period before the commencement of this action, and were not paid at 1 ½ times their regular hourly rate for all overtime hours worked.

### (Late Payment Class)

29.    For Plaintiff and similarly situated individuals whose employment with SolarWorld ended within the statutory time period, and who did not receive all wages when due.

Page 4 - Complaint

30.     The Oregon State law claims, if certified for class wide treatment, may be pursued by all similarly-situated persons who do not request exclusion or opt-out of the class. Class members may be notified of the pendency of this action by first-class mail. Class members and their addresses can be ascertained from SolarWorld's employment and payroll records.

31.     Plaintiff's Oregon State law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

32.     Numerosity of the Class (Fed. R. Civ. P. 23(a)(1)): The class satisfies the numerosity requirement. The class is believed to exceed 100 persons and may increase based on the turnover rate of employees during applicable statute of limitations. As a result, joinder of all class members in a single action is impracticable. The precise number of class members and their addresses is unknown to the Plaintiff, but can be determined from SolarWorld's employment and payroll records

33.     Commonality (Fed. R. Civ. P. 23(a)(2)): There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from SolarWorld's actions include, without limitations, the following:

   A.     Whether SolarWorld programed their electronic time keeping system to alter punch times for their employees working at the Hillsboro plant;

   B.     Whether the above programing caused SolarWorld to fail to pay Plaintiff and class members all wages based on the practices alleged herein;

   C.     Whether the programming of the electronic time keeping system caused SolarWorld not to pay all overtime wages under Oregon law;

   D.     Whether SolarWorld had a practice of failing to timely pay all wages when due and required by ORS § 652.140;

   E.     Whether SolarWorld's conduct in failing to timely pay all wages at the end of

---

Page 5 - Complaint

SCHUCK LAW, LLC
512-F NE 81st Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

employment was willful; and

F.    Which remedies are available for the violations of ORS 652.120; 652.140; and 653.261.

34.    <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>: Plaintiff's claims are typical of class members' claims because Plaintiff and other employees were subject to the same policies and practices alleged herein and used the same electronic time keeping system.  Plaintiff's claims are typical of class members' claims in that:

A.    Plaintiff was affected by the violations described above;

B.    Plaintiff's claims stem from the same practices and/or courses of conduct that form the basis of the claims;

C.    Plaintiff's claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances; and

D.    Plaintiff's injuries are similar to the injuries which class members have suffered.

35.    <u>Adequacy of Plaintiff's Representation (Fed. R. Civ. P. 23(a)(4))</u>: The named Plaintiff will fairly and adequately represent and protect the interests of the class because:

A.    There is no conflict between his claims and those of other class members;

B.    Plaintiff retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute the litigation;

C.    Plaintiff's claims are typical of the claims of class members; and

D.    The interests of the class members will be fairly and adequately protected by Plaintiff and his counsel.

36.    <u>Fed. R. Civ. P. 23(b)(1)</u>: A class action would avoid inconsistent or varying adjudications with respect to individual class members.  Given the number of class members, individual cases would likely lead to inconsistent adjudications.  This is an inefficient use of limited judicial resources to separately rule on the same legal issues that are present in this

Page 6 - Complaint

SCHUCK LAW, LLC
512-F NE 81st Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

case for the Plaintiff.

37.   Superiority (Fed. R. Civ. P. 23(b)(3)):  A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and class members' claims.  The questions in paragraph 34-36 predominate over questions affecting only individual persons. Each class member's damage amount may be relatively small, especially given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by SolarWorld's conduct.  Moreover, even if class members could afford individual litigation, the court system would be unnecessarily burdened by the individual actions.  Individualized litigation presents a potential for inconsistent or contradictory judgments and increases the potential for delay and expense for all parties.  A class action will present far fewer management difficulties and will provide the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.  Plaintiff's claims are appropriate for certification under Fed. R. Civ. P. 23(b)(3).

38.   Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each class member who suffered harm to bring a separate action.  Additionally, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.  Further, because this case is based upon electronic records, determining the violations for a large group of current and former employees is easier.

## IV.   COMMON ALLEGATIONS

39.   Common questions of fact and law exist as to all similarly situated individuals and predominate over any questions that affect only individual similarly situated individuals.  The conduct at issue in this case affected Plaintiff and all purported class members.

40.   The members of each class exceed 50 members and that number will increase

SCHUCK LAW, LLC
512-F NE 81ᵗ Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

depending upon employee turnover.

41.     Evidence supporting class allegations are based upon information and belief. Evidence supporting the allegations will be available through discovery because employers are required to keep wage and hour records for current and former employees. Plaintiff has a good faith belief that wages are due absent class members based in part upon printouts from Defendant's electronic time keeping system.

42.     Plaintiff has a good faith belief that wages are due absent class members based on the fact that Plaintiff viewed other employees using the same electronic timekeeping system that shorted his wages.

43.     SolarWorld suffered and permitted Plaintiff and similarly situated individuals to work hours for which SolarWorld did not compensate them. SolarWorld did so by not including all hours worked and recorded on the electronic time keeping system when computing employee pay.

43.     SolarWorld suffered and permitted Plaintiff and other similarly situated class members to perform work for SolarWorld in excess of 40 per week, for which it did not compensate them at the overtime rate of 1-1/2 times their regular hourly rate as required by Oregon law.

44.     SolarWorld failed and refused to pay all wages to Plaintiff and similarly situated individuals whose employment ended when those wages were due.

45.     At all times material herein, SolarWorld was doing business in Oregon.

46.     Plaintiff was an at will employee and was not contracted to work for any specific period of time.

47.     Plaintiff began working for SolarWorld on or about October 2007.

48.     Plaintiff's employment for SolarWorld ended on or about September 26, 2011.

49.     On or about October 20, 2011, November 11, 2011, and December 13, 2001, Plaintiff's attorney sent written demand and notice of the wage claims to SolarWorld.

Page 8 - Complaint

50.    Defendant failed to pay all wages due Plaintiff and class members within 12 days of the written demand and notice.

51.    Defendant agreed to pay Plaintiff at multiple hourly rates depending upon the date the wages were not paid.

52.    In March 2011, Plaintiff was being paid $16.75.

53.    In August 2011, Plaintiff was being paid $17.25.

## FIRST CLAIM FOR RELIEF

### (Unpaid Wages Claim)

54.    Plaintiff re-alleges all paragraphs as though fully alleged herein.

55.    During the course of Plaintiff's employment, SolarWorld allowed, suffered and permitted Plaintiff and class members to perform work for the benefit of SolarWorld.

56.    SolarWorld tracked time worked by Plaintiff and similarly situated class members through an electronic time keeping system.

57.    SolarWorld programmed the electronic time keeping system such that it failed to provide payroll with all the hours worked and recorded by Plaintiff and class members.

58.    SolarWorld's payroll department paid Plaintiff and class members their wages based upon the altered time communicated to payroll by the electronic time keeping system.

59.    SolarWorld was required to pay all wages earned on payday under ORS 652.120 and 653.010, including the wages it failed to pay because of the way SolarWorld programmed its electronic time keeping system.

60.    SolarWorld failed to timely pay all regular wages because of the programming used by its electronic time keeping system.

61.    Plaintiff made multiple demands for payment of all unpaid wages on behalf of himself and other class members..

62.    SolarWorld failed and refused to pay all earned wages to Plaintiff and class members.

63.    Plaintiff's attorney sent written notice of the wage claim to SolarWorld.

Page 9 - Complaint

**SCHUCK LAW, LLC**
512-F NE 81ˢᵗ Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763

64.     Because of SolarWorld's failure to make payment of all regular wages when due, Plaintiff and class embers are due unpaid regular wages in an amount to be determined at trial.

65.      Because of SolarWorld's failure to pay Plaintiff's and all class members' wages within 48 hours after they were due, Plaintiff and class members are entitled to recover costs, disbursements, and reasonable attorney fees, pursuant to ORS 652.200(2).

66.     Plaintiff and class members seek unpaid wages, costs, disbursements and attorney fees, pursuant to ORS 652.200(2).

## SECOND CLAIM FOR RELIEF

### (Oregon Overtime Wages, Civil Penalty)

67.     Plaintiff re-alleges all paragraphs as though fully alleged herein.

68.     During the course of Plaintiff's and class members' employment, SolarWorld allowed, permitted, and suffered Plaintiff to work hours, in excess of 40 hours per week.

69.     Pursuant to ORS 653.261 and OAR 839-020-0030, SolarWorld was required to pay Plaintiff and all class members at the rate of 1 ½ times their regular rate of pay those hours worked in excess of 40 hours per week, when those wages were due.

70.     For those workers covered, SolarWorld was required to pay hours worked in excess of 10 hours per day at 1 ½ times their regular rate of pay.

71.     Because SolarWorld programmed its electronic time keeping system to reduce the recorded hours worked, SolarWorld failed to pay all overtime wages for all overtime hours worked by Plaintiff and class members, and further failed to pay those hours at the rate of 1 ½ times their regular hourly rate.

72.     SolarWorld failed and refused to pay Plaintiff and class members for the hours of overtime worked, when those wages were due, and there remains due and unpaid overtime wages in an amount to be determined.

73.     SolarWorld was required to pay Plaintiff and all class members for all overtime hours worked on the next regularly scheduled pay day under ORS 652.120 and ORS 653.010.

Page 10 - Complaint

75.     In failing to pay Plaintiff and class members for all overtime hours worked at the rate of 1 ½ times their regular rate of pay, SolarWorld's actions were willful.

76.     Because of SolarWorld's failure to pay Plaintiff and all class members for all overtime hours worked, Plaintiff and class members, pursuant to ORS 653.055(1)(b), are entitled to a civil penalty as computed by ORS 652.150.

77.     Plaintiff and class members have been required to bring this action to recover overtime earnings and penalties, and are entitled to recover costs, disbursements, and a reasonable sum for attorney fees, pursuant to ORS 653.055(4) and ORS 652.200(2).

78.     Plaintiff and class members seek overtime wages in an amount to be determined, plus a civil penalty as determined per ORS 653.055(1)(b), costs and disbursements, and attorney fees per ORS 655.055(4) and ORS 652.200(2).

## THIRD CLAIM FOR RELIEF

### (Late Payment at Termination Claim)

79.     Plaintiff re-alleges all paragraphs as though fully alleged herein.

80.     During the course of Plaintiff's and class members' employment, SolarWorld allowed, suffered and permitted Plaintiff and class members to perform work for the benefit of SolarWorld.

81.     At the time of Plaintiff's termination, SolarWorld agreed to pay Plaintiff at the hourly rate of $17.2525.

82.     Plaintiff was terminated by Defendant on September 26, 2011.

83.     The last hourly rate paid to class members and the final date of employment for class members should be in SolarWorld's employment records.

84.     SolarWorld failed to pay Plaintiff and all class members the wages as set out above, and wages remain due and owing.

85.     SolarWorld was required to pay Plaintiff and all class members for all time they worked, including the unpaid time described in this complaint, within the time set by ORS

Page 11 - Complaint

652.140.

86.     SolarWorld failed and refused to pay all time worked, and therefore, failed to pay all wages within the time required by ORS 652.140.

87.     In failing to pay all of Plaintiff's and class members' final wages at termination, SolarWorld was a free agent.

87.     In failing to pay all of Plaintiff's and class members' final wages at termination, SolarWorld determined its own actions.

88.     SolarWorld programed, or caused their electronic time keeping system to be programmed, in the manner set forth in this complaint.

89.     In failing to pay all of Plaintiff's and class members' final wages at termination, SolarWorld was not responsible to, nor coerced by any other person, or entity, or authority.

90.     SolarWorld knew Plaintiff's employment had ended.

91.     SolarWorld knew class members' employment had ended.

92.     SolarWorld possessed all information regarding the hours worked by Plaintiff and class members.

93.     SolarWorld could calculate the amount of wages due Plaintiff and class members at termination.

94.     SolarWorld was capable of paying all Plaintiff's and class members' wages earned and due at termination.

95.     SolarWorld's failure to make payment of Plaintiff's final wages when due was wilful and continued for not less than 30 days.

96.     Plaintiff and his attorneys made multiple demands for payment of his unpaid wages and the unpaid wages of class members.

97.     SolarWorld failed to pay all wages due within 12 days of Plaintiff's written demand.

98.     Plaintiff's attorney sent written notice of the wage claim to SolarWorld.

99.     Because of SolarWorld's failure to make payment of final wages when due, Plaintiff

Page 12 - Complaint

and class members are due statutory penalty wages in an amount to be determined pursuant to ORS 652.150, for the continuation of Plaintiff's unpaid final wages for not less than 30 days.

100.    Plaintiff's penalty wages are not less than $4,140.60.

101.     Because of SolarWorld's failure to pay Plaintiff's wages within 48 hours after they were due, Plaintiff and class members are entitled to recover costs, disbursements, and reasonable attorney fees, pursuant to ORS 652.200(2).

102.    Plaintiff and class members seek statutory wages pursuant to ORS 652.150, and costs, disbursements and attorney fees, pursuant to ORS 652.200(2).

**WHEREFORE**, Plaintiff demands judgment from Defendant:

**Upon Plaintiff's claim for relief:**

1.    Unpaid wages in an amount to be determined after discovery.

2.    Attorney fees, costs and disbursements, pre and post judgment interest in the amount of 9% per annum incurred herein, pursuant to ORS 652.200(2).

**Upon Plaintiff's claim for relief for failing to pay Oregon overtime wages:**

1.    Unpaid overtime wages for an amount to be determined.

2.    Civil Penalty per ORS 653.055(1)(b) and ORS 652.150.

3.    Attorney fees, costs, disbursements, and pre- and post- judgment interest in the amount of 9% per annum incurred herein, pursuant to ORS 653.055(4) and ORS 652.200(2).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 13 - Complaint

**Upon Plaintiff's claim for relief for failing to timely pay all wages on termination:**

1.   Unpaid wages in an amount to be determined.

2.   Statutory penalty wages pursuant to ORS 652.150.

3.   Pre-judgment and post- judgment interest on all damage amounts, plus costs, disbursements, and attorney fees pursuant to ORS 652.200(2).

DATED:  December 22, 2011.

Schuck Law, LLC

   /s/ David A. Schuck   
DAVID A. SCHUCK, Esquire
OSB # 993564, WSB # 37285
Stephanie J. Brown, Esquire
OSB # 030019
(360) 566-9243
Attorney for Plaintiff

**SCHUCK LAW, LLC**
512-F NE 81ˢᵗ Street #313 • Vancouver, WA 98665
Tel (360) 566-9243 • Fax (503) 575-2763