IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FRED BEY**, individually and on behalf of all similarly situated, | Case No.: **3:11-cv-1555-SI** |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **SOLARWORLD INDUSTRIES AMERICA, INC.; SOLARWORLD INDUSTRIES AMERICA, LP; SOLARWORLD INDUSTRIES SERVICES, LLC; SOLARWORLD POWER PROJECTS, INC.**, | |
| Defendants. | |

David A. Schuck and Stephanie J. Brown, SCHUCK LAW, LLC, 10013 N.E. Hazel Dell Avenue, Suite 178, Vancouver, WA 98685. Of Attorneys for Plaintiff.

Victor J. Kisch and Todd A. Hanchett, STOEL RIVES LLP, 900 S.W. Fifth Avenue, Suite 2600, Portland, OR 97204. Of Attorneys for Defendants.

**SIMON, District Judge.**

Plaintiff commenced this putative class action in federal court, invoking minimal diversity subject-matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-1715. The Court, acting *sua sponte,* ordered the parties to show cause why the Court should not dismiss this case without prejudice, pursuant to either the "local controversy" mandatory exception to CAFA jurisdiction, 28 U.S.C. § 1332(d)(4)(A), or the "home-state controversy" mandatory exception to CAFA jurisdiction, 28 U.S.C. § 1332(d)(4)(B). *See* Order to Show Cause, Dkt. 43. For the reasons explained below, the Court declines to exercise jurisdiction over this action and dismisses it without prejudice.

## BACKGROUND

The Court summarized the factual allegations of the complaint in its Order to Show Cause. *See* Order to Show Cause, Dkt. 43, at 2-4 & n.1. On behalf of himself and others similarly situated, Plaintiff has brought three claims under Oregon law regarding his employment in Oregon by Defendant SolarWorld Industries America, Inc., an Oregon corporation.[1] Pursuant to the Court's Order to Show Cause, Defendants have reviewed their records and confirmed that more than 90 percent of the potential class, consisting of other employees of this Defendant Oregon corporation working at an Oregon site, had a home address in Oregon during their employment. *See* Decl. of Todd A. Hanchett, Dkt. 46. A person's residence is prima facie evidence of his or her place of domicile for purposes of diversity jurisdiction. *Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

---

[1] Plaintiff has also named as additional defendants three affiliated entities, which are all citizens of Delaware. Dkt. 45, at 3 n.1. These three Defendants, however, unlike Defendant SolarWorld Industries America, Inc., do not appear to have any meaningful relationship to the activities at issue in this lawsuit.

OPINION AND ORDER, Page 2

Through CAFA, Congress extended federal diversity jurisdiction, which typically requires complete diversity between the parties, to some cases with only minimal diversity (where at least one plaintiff is diverse from at least one defendant). *See Luther v. Countrywide Homes Loans Servicing LP,* 533 F.3d 1031, 1033-34 (9th Cir. 2008). CAFA vests the federal courts with original diversity jurisdiction over class actions when the following four prerequisites are satisfied:

1. the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs (28 U.S.C. § 1332(d)(2));

2. diversity of citizenship exists between at least one plaintiff and one defendant (*i.e.* there is at least "minimal diversity") (28 U.S.C. § 1332(d)(2));

3. the primary defendants are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief" (28 U.S.C. § 1332(d)(5)(A)); and

4. the number of members of all proposed plaintiff classes in the aggregate is at least 100 (28 U.S.C. § 1332(d)(5)(B)).

28 U.S.C. § 1332(d)(1), (2), and (5); *see Serrano v. 180 Connect, Inc.,* 478 F.3d 1018, 1020-21 & n.3 (9th Cir. 2007) (explaining that the requirements of § 1332(d)(5) are part of the prerequisites for jurisdiction, rather than exceptions to jurisdiction). For present purposes, the Court accepts that these prerequisites have been established in this case and that the Court has subject matter jurisdiction over the complaint pursuant to CAFA.

CAFA also provides, however, for both discretionary and mandatory exceptions to this jurisdiction. That is, § 1332(d)(2) "sets out the contours of original jurisdiction," while § 1332(d)(3) "describes situations were district courts *may* 'decline to exercise jurisdiction' 'in the interests of justice and looking at the totality of the circumstances,'" and § 1332(d)(4) "sets out two circumstances that *require* district courts to decline jurisdiction, the so-called 'local

controversy' and 'home-state controversy' exceptions." *Serrano,* 478 F.3d at 1022 (quoting CAFA) (emphasis in original).

Under the "local controversy" exception, a district court "*shall decline to exercise jurisdiction under*" § 1332(d)(2) over a class action in which:

1. greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

2. at least one defendant is a defendant from whom significant relief is sought by members of the plaintiff class, whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and who is a citizen of the State in which the action was originally filed;

3. the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

4. during the three-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A) (emphasis added).

Under the "home-state controversy" exception, a district court "*shall decline to exercise jurisdiction under*" § 1332(d)(2) over a class action in which:

1. two-thirds or more of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed; and

2. the primary defendants are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(B) (emphasis added).

According to the Defendants, "[t]he parties have confirmed that the factual predicates for the local controversy and home state exceptions are satisfied." Defs.' Resp. Order Show Cause

OPINION AND ORDER, Page 4

Re Subject Matter Juris. (Dkt. 45) at 2. This stipulation is supported by the facts as alleged in the complaint and as presented by Defendants in their recent declaration. *See* Dkt. 46. The complaint was originally filed in federal district court in the State of Oregon. Far more than two-thirds of the members of the proposed class appear to be citizens of Oregon, based on the residential addresses they provided their employer. Defendant SolarWorld Industries America, Inc., an Oregon corporation, appears to be both the primary defendant and a defendant from whom significant relief is sought, based on the fact that it was this Defendant that employed Plaintiff as well as the other members of the proposed class in this employment-related action. The principal injuries are all alleged to have occurred at SolarWorld Industries America, Inc.'s Oregon campus. And during oral argument, the parties represented to the Court that no similar class action has been filed within the last three years.

Nonetheless, Defendants argue that this Court should retain jurisdiction because neither party has invoked these exceptions. *See* Dkt. 45. Plaintiff did not respond to the Court's Order to Show Cause. The question before the Court, then, is what § 1332(d)(4) means when it states that "[a] district court *shall decline to exercise jurisdiction*" as established in §1332(d)(2) when either the local controversy or the home-state controversy exception applies.

## DISCUSSION

The Ninth Circuit has made clear that the local controversy and home-state controversy exceptions do not deprive the federal courts of subject matter jurisdiction. *Serrano*, 478 F.3d at 1022-23. They are, however, "exceptions to jurisdiction" that *require* the court *to decline to exercise* jurisdiction. *See id.* This distinction can matter in some circumstances. Most significantly, parties can never waive the requirement for subject matter jurisdiction, and courts have a continuing duty to monitor its existence. Most other arguments for dismissing or staying

a case, however, can be waived if the parties do not raise them in a timely manner. Defendants cite to two cases that have suggested that parties may waive the § 1332(d)(4) exceptions if they delay in raising them before the court, although in only one of these cases did the court conclude that the exception had in fact been waived. *See Gold v. N.Y. Life Ins. Co.*, No. 09 Civ. 3210, 2012 WL 1674300 (S.D.N.Y. May 14, 2012) (invoking the home-state controversy exception even though plaintiff had originally filed in federal court and defendants waited more than two years to raise the exception); *Calingo v. Meridian Res. Co. LLC*, No. 7:11-cv-628, 2011 WL 3611319 (S.D.N.Y. Aug. 16, 2011), at *3-6 (plaintiffs waived local controversy exception by filing motion to remand 87 days after removal); *see also Graphic Commc'ns Local 1B v. CVS Caremark Corp.*, 636 F.3d 971, 976 (8th Cir. 2011) (remanding to district court to determine whether plaintiffs had waited too long to raise the local controversy exception).

Whether parties may waive the § 1332(d)(4) exceptions through delay, especially a delay by a plaintiff in filing a motion to remand, is a different question, however, than whether they may collude to ignore them.[2] Put another way, Defendants' argument assumes, or at least implicitly argues, that the Court may not raise the § 1332(d)(4) exceptions *sua sponte*. The CAFA cases relied on by Defendants do not address this question. But the doctrine of abstention, to which Defendants and many circuit courts have compared the § 1332(d)(4) exceptions, does provide some guidance.

Both abstention and the § 1332(d)(4) exceptions reflect structural concerns about comity and federalism. Abstention is recognizes that "Our Federalism" is a "system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the

---

[2] According to Defendants, "Plaintiff expressly sought a federal forum by filing his claims in federal court. SolarWorld elected not to challenge plaintiff's decision to seek a federal forum by asserting the home state or local controversy exceptions . . . ." Dkt. 45, at 11.

National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). Likewise, the § 1332(d)(4) exceptions "are designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state." *Hard v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 682 (7th Cir. 2006). The § 1332(d)(4) exceptions serve this purpose by keeping "purely local matters and issues of particular state concern in the state courts." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007).

The federal courts have consistently held that they may raise abstention concerns *sua sponte* in part because doing so furthers these "important institutional concerns" about the balance of our federal system. *Int'l Coll. of Surgeons v. City of Chicago*, 153 F.3d 356, 361 (7th Cir. 1998); *see also, e.g.*, *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *Jimenez v. Rodriguez-Pagan*, 597 F.3d 18, 27 n.4 (1st Cir. 2010); *Guillemard-Ginorio v. Contreras-Gomez*, 585 F.3d 508, 517-18 (1st Cir. 2009); *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000); *Int'l Coll. of Surgeons*, 153 F.3d at 360-61; *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996); *Fed. Express Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962, 966 (6th Cir. 1991); *Catlin v. Ambach*, 820 F.2d 588, 591 (2d Cir. 1987). This reasoning applies all the more strongly in the context of the § 1332(d)(4) exceptions for at least two reasons. First, the State whose interests are vindicated by the § 1332(d)(4) exceptions will rarely be a party to the action. *See* § 1332(d)(5). There is therefore a greater need for vigilance by the courts in such cases to ensure that the preferences of private parties do not run roughshod over the structural interests of states. Second, the Court is not applying a judge-made doctrine to limit a statutory grant of

jurisdiction, but heeding Congress's own express determination of where to draw the line in balancing state and federal interests.

Indeed, Congress could not have been clearer when it provided that the courts "*shall decline to exercise jurisdiction*" when the home-state controversy or local controversy exceptions apply. In enacting CAFA, Congress meant to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of *national importance* under diversity jurisdiction." *Luther v. Countrywide Homes Loans Servicing LP*, 533 F.3d 1031, 1034 (quoting Pub. L. No. 109-2, § 2(b)(2)) (emphasis added) (internal quotation marks omitted). For this purpose, Congress extended federal jurisdiction to some cases that lacked complete diversity. But to prevent the pendulum from swinging too far in the other direction, it included the exceptions to jurisdiction set out in § 1332(d)(4) to make clear that truly local disputes still do not belong in federal court.

This dispute could not be more local. The alleged injury took place in Oregon at the worksite of the primary defendant, an Oregon corporation. More than 90 percent of the putative class member are presumably Oregon citizens. The complaint pleads only Oregon law. Indeed, as explained in this Court's Order to Show Cause, Defendants' pending motion for partial summary judgment raises an issue of Oregon law on which the Oregon appellate courts have not yet spoken. Order to Show Cause, Dkt. 43, at 4-5. The parties are therefore asking this Court to decide an open and important question of Oregon law in a controversy that is not "of national importance."

In sum, Congress has specifically directed the courts to *decline jurisdiction* if a purported class action is overwhelmingly a state controversy. There is no precedent prohibiting the Court from raising the applicability of the § 1332(d)(4) exceptions on its own, relatively early in the

case, as courts often do with abstention concerns.[3]  And now that the Court has raised the question, it is clear to the Court—and apparently not disputed by the parties—that both of the § 1332(d)(4) exceptions apply.  Therefore, the Court declines to exercise its jurisdiction pursuant to both 28 U.S.C. § 1332(d)(4)(A) (the "local controversy" exception) and § 1332(d)(4)(B) (the "home-state controversy" exception).

## CONCLUSION

For the foregoing reasons, it is ORDERED that this action be DISMISSED without prejudice based on both the "local controversy" and the "home-state controversy" exceptions set forth in the Class Action Fairness Act of 2005.

DATED this 26th day of December, 2012.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[3] Defendants erroneously state that "the case has remained in federal court for nearly two years while the parties have conducted limited discovery and thoroughly briefed a potentially dispositive legal issue (application of the *de minimis* doctrine)."  Dkt. 45, at 11.  In fact, this case was originally filed in federal court less than one year ago, on December 28, 2011.  Dkt. 1.  During the Court's review of the parties' briefing on Defendants' recently-filed motion for partial summary judgment, the purely local nature of this dispute under Oregon law became apparent.